IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 5:04-CR-167-4BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY PETERSON | ) | |

This matter comes before the Court on what it construes as defendant's pro se motion to modify his restitution payments. [DE 211]. The government has responded in opposition [DE 214] and the matter is ripe for ruling. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

On September 16, 2004, defendant pled guilty to robbing a business engaged in interstate commerce, in violation of 18 U.S.C. § 1951, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and aiding and abetting. A criminal judgment was entered in this matter on July 14, 2005. Defendant's sentence included a prison term of 190 months, followed by a total of five years of supervised release, a special assessment of $200 and restitution in the amount of $85.021.53. The Court ordered that defendant and his four co-defendants be held jointly and severally liable for the restitution, and that payment was due and payable in full immediately, but if defendant was unable to pay, the payments could be made through the Inmate Fiscal Responsibility Program (IFRP) while defendant remained incarcerated. On September 8, 2009, defendant filed a petition for suspension of restitution payments, which was denied on March 2, 2013. On October 3, 2014, defendant filed the instant motion, in which he requests that the Court establish a payment play by setting a specific amount of restitution to be paid each month.

## DISCUSSION

In the case at bar, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the special assessment and restitution. The Court also specified that if the fine was not paid immediately, it could be collected through the IFRP as administered by the Bureau of Prisons.

The Fourth Circuit has made it clear that the provisions of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010 (quoting 18 U.S.C. § 3582(b)).

Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Nor has the defendant demonstrated a "material change in [his] economic circumstances." 18 U.S.C. § 3664. Because defendant has cited no authority for the Court to modify its original judgment, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this __6__ day of November, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE